IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WEST VIRGINIA POTATO CHIP
COMPANY, LLC,

               Plaintiff,

v.                                      CIVIL ACTION NO.   2:20-cv-00853

ERIE INSURANCE PROPERTY &
CASUALTY COMPANY, et al,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Intra-State Insurance Corporation's Motion to Dismiss* (Document 8), the *Memorandum of Law in Support of Intra-State Insurance Corporation's Motion to Dismiss* (Document 9), the *Plaintiff's Response in Opposition to Intra-State Insurance Corporation's Motion to Dismiss* and the incorporated *Plaintiff's Memorandum of Law in Response and in Opposition to Intra-State Insurance Corporation's Motion to Dismiss* (Document 10), and *Defendant Intra-State Insurance Corporation's Reply to Plaintiff's Response in Opposition to Intra-State Insurance Corporation's Motion to Dismiss* (Document 15), as well as all attached exhibits. In addition, the Court has reviewed the Plaintiff's *Complaint* (Document 1-1). For the reasons stated herein, the Court finds that it lacks jurisdiction, and this matter should be remanded.

1

**FACTUAL ALLEGATIONS**

The Plaintiff, West Virginia Potato Chip Company, doing business as Mr. Bee Potato Chips (Mr. Bee), initiated this action in the Circuit Court of Wood County, West Virginia, on November 16, 2020. It named as Defendants Erie Property and Casualty Company, Intra-State Insurance Corporation, and Lee May. Lee May has since been voluntarily dismissed.

Mr. Bee purchased an Erie Commercial General Liability Coverage Policy through Intra-State, a West Virginia insurance agency. A former employee filed a lawsuit against Mr. Bee on or about June 22, 2020, and Mr. Bee notified Erie of the claim.[1] Mr. Bee sought a defense and/or indemnification. Erie sent a letter denying coverage on or about March 26, 2020. Mr. Bee has had to pay legal expenses related to the lawsuit as a result of Erie's refusal to provide a defense. The complaint contains claims for declaratory judgment, Unfair Trade Practices Act violations, common law bad faith, and breach of contract against Erie.

In addition to the claim against Erie, Mr. Bee asserts a negligence claim against Intra-State. It alleges that Intra-State is an independent agency authorized to sell Erie's policies. "Intra-State's agency force, and perhaps others, are held out to be highly skilled insurance advisors, and they represent to their clientele, including the plaintiff, that their advice regarding procurement of insurance can be relied upon." (Compl. at ¶ 108.) Mr. Bee "relied upon Intra-State's superior insurance knowledge to provide advice and consultation with respect to the insurance needs necessary to protect the plaintiff's properties and interests, and plaintiff purchased a policy selected and recommended to it by Intra-State and its agents." (*Id.* at ¶ 111.) The Plaintiff alleges that Intra-State breached "the duty of reasonable care to procure adequate insurance coverage" by:

---

[1] According to Erie's claim denial letter, attached to the Plaintiff's response to the motion to dismiss, Mr. Bee was notified of the claim on December 12, 2019, and reported it to Erie on either February 12, 2020 or February 17, 2020.

> (a) failing to secure/procure adequate insurance and endorsements;
> (b) failing to recommend coverage suitable to the needs of the plaintiff when plaintiff would have purchased coverage for the subject loss [had it] been offered;
> (c) failing to advise the plaintiff that broader coverage protecting against the subject loss was available if other insurance agents or other insurance companies were used;
> (d) failing to utilize a systematic approach in analyzing the plaintiff's account so exposures were not overlooked;
> (e) failing to adequately communicate the existence of unprotected/uninsured exposure with its attendant consequences;
> (f) failing to properly train and supervise its agency force and employees; and
> (g) in other ways that will be shown according to proof.

(*Id.* at ¶113-114.) In addition, Mr. Bee alleges that Intra-State failed to adequately train and supervise its employees.

## JURISDICTION

Erie removed this matter from state court on December 16, 2020, asserting diversity jurisdiction. The remaining defendants consented to the removal. Erie is a Pennsylvania corporation. Mr. Bee and Intra-State are both West Virginia corporations. In the notice of removal, Erie asserted that Intra-State was fraudulently joined. Mr. Bee has not filed a motion to remand, and the parties presented the motion to dismiss pursuant to Rule 12(b)(6). However, courts have an obligation to ensure that subject matter jurisdiction is present, even when the issue has not been presented, and parties cannot waive or forfeit it. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). "Subject matter jurisdiction defines a court's power to adjudicate cases or controversies—its adjudicatory authority—and without it, a court can only decide that it does not have jurisdiction." *United States v. Wilson*, 699 F.3d 789, 793 (4th Cir. 2012). The Court lacks jurisdiction to address a Rule 12(b)(6) motion to dismiss state law claims between non-diverse

3

parties. Thus, the Court will view the parties' briefing under the standard applicable to fraudulent joinder to determine whether jurisdiction exists. Because the substantive arguments would be similar under either standard, the Court finds further briefing unnecessary.

## STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[2] This Court has original jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Additionally, Section 1446 requires a defendant to

---

2   Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

file a notice of removal within thirty days after receipt of the initial pleading. It is a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W.Va. 2001)). In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

"The 'fraudulent joinder' doctrine permits removal when a non-diverse party is (or has been) a defendant in the case . . . . This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The Fourth Circuit sets a high standard for defendants attempting to demonstrate fraudulent joinder: "[T]he removing party must establish either: that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or; that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d

5

229, 232 (4th Cir. 1993)) (emphasis in original; brackets removed). Courts may consider the record beyond the pleadings to "determine the basis of joinder" and "whether an attempted joinder is fraudulent." *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (internal quotation marks and citations omitted).

The Fourth Circuit has described the standard for fraudulent joinder as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424. Furthermore, "all legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists" and "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425 (internal quotation marks removed).

The Hartley court went on to explain:

> In all events, a jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact. Allowing joinder…is proper in this case because courts should minimize threshold litigation over jurisdiction. *See Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 464 n. 13, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) ("Jurisdiction should be as self-regulated as breathing; ... litigation over whether the case is in the right court is essentially a waste of time and resources." (internal quotation marks omitted)). Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

*Id.*

## DISCUSSION

Intra-State asserts that under West Virginia law, an insurance agent is an agent of the insurer, not the insured. It argues that it owed no duty to Mr. Bee, citing West Virginia precedent

noting that the West Virginia Supreme Court has not recognized a duty to advise for insurance agents. The Plaintiff argues that Erie's denial of coverage was related to the type of policy secured by Intra-State. It contends that it reasonably expected Intra-State to offer a policy that would provide adequate coverage. Mr. Bee cites prior decisions from this Court remanding cases in similar circumstances, reasoning that there may be circumstances in which an insured can pursue a negligence claim against an insurance agent.

"In order to establish a *prima facie* case of negligence in West Virginia, it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff. No action for negligence will lie without a duty broken." Syl. Pt. 3, *Aikens v. Debow*, 541 S.E.2d 576, 578 (W. Va. 2000) (internal quotation marks and citations omitted). The West Virginia Supreme Court has held:

> The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?

*Strahin v. Cleavenger*, 603 S.E.2d 197, 201 (W. Va. 2004). Further, a plaintiff in a negligence action must "prove by a preponderance of the evidence that ... by breaching that duty the defendant proximately caused the injuries of the plaintiff." *Cline v. 7-Eleven, Inc.*, 2012 WL 5471761 (N.D.W. Va. Nov. 9, 2012) (citing *Neely v. Belk, Inc.*, 668 S.E.2d 189, 197 (W. Va. 2008)).

West Virginia law provides that "an insurance agent is the agent of the insurance company, not the agent of the insured." *Negri v. Nationwide Mut. Ins. Co.*, No. 5:11CV3, 2011 WL 3648221, at *4 (N.D.W. Va. Aug. 18, 2011) (citing W. Va. Code §33-12-22). Insurance agents may be liable for independent torts, but not for "alleged negligent acts [that] are actions on behalf

of the insurance company." *Id.* at *4. In an opinion on a similar motion to remand analyzing whether a plaintiff had any possibility of success on a negligence claim against an in-state insurance agent, Judge Goodwin examined case law from other jurisdictions to recognize the possibility that West Virginia would recognize "that an insurance agent may have a duty to advise an insured on its coverage needs if (1) a special relationship exists between the insured and the agent, (2) the agent holds itself out as a specialist in the particular field, or (3) the agent misrepresents the scope or nature of the insured's coverage." *Hill, Peterson, Carper, Bee & Deitzler, P.L.L.C. v. XL Specialty Ins. Co.*, 261 F. Supp. 2d 546, 548 (S.D.W. Va. 2003) (Goodwin, J.).

In two recent unpublished decisions, the West Virginia Supreme Court has suggested that it does not accept "the special relationship exception" to the general rule that insurance agents do not have a duty to advise insurance customers. *Aldridge v. Highland Ins. Co.*, No. 15-0658, 2016 WL 3369562, at *5 (W. Va. June 17, 2016) (memorandum decision); *Mine Temp, LLC v. Wells Fargo Ins. Servs. of W. Virginia, Inc.*, No. 18-0755, 2019 WL 5692296, at *4 (W. Va. Nov. 4, 2019) (memorandum decision). In both cases, the court found that the plaintiffs had not supported their claims and the defendant insurance agents would be entitled to summary judgment even if such a claim were recognized. In *Aldridge*, the court discussed a potential claim "that an insurance agent failed to procure requested insurance," but concluded that the plaintiff had not set forth facts supporting such a claim. *Aldridge*, 2016 WL 3369562 at *6. This Court has recognized that an insurance agency may be liable for negligent misrepresentation of coverage. *Gemini Ins. Co. v. Sirnaik, LLC*, No. 2:18-CV-00424, 2019 WL 5212905, at *4 (S.D.W. Va. Oct. 16, 2019) (Johnston, J.).

The Plaintiff's allegations are somewhat general, and the complaint references both duties that may exist under state law and duties that the West Virginia Supreme Court has not recognized. The Plaintiff's complaint can be read to include allegations that it requested forms of coverage that Intra-State failed to procure, and that Intra-State did not inform the Plaintiff of the potential gaps in coverage that the Plaintiff had requested. The status of the law in West Virginia with respect to negligence claims against insurance agencies is somewhat uncertain, but it is clear that under some circumstances, some types of negligence claims may be viable. When all issues of fact and law are resolved in the Plaintiff's favor, the Court cannot find that the Plaintiff's negligence claim against Intra-State has no possibility of success.[3] Resolving all legal uncertainties in favor of plaintiff, and all doubts about the propriety of removal in favor of state jurisdiction, the Court finds that the Defendants have not demonstrated that Intra-State was fraudulently joined. Accordingly, the Court lacks jurisdiction to address the motion to dismiss, and this matter should be remanded to the Circuit Court of Wood County.

## CONCLUSION

Wherefore, following thorough review and careful consideration, the Court **ORDERS** that this action be **REMANDED** to the Circuit Court of Wood County, West Virginia, for further proceedings. The Court further **ORDERS** that *Intra-State Insurance Corporation's Motion to Dismiss* (Document 8) and all pending motions be **TERMINATED AS MOOT**.

---

3 The Court's holding herein is not intended to express any opinion regarding whether the complaint satisfies the higher hurdle posed by a motion to dismiss under Rule 12(b)(6).

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Wood County, West Virginia, to counsel of record, and to any unrepresented party.

ENTER: March 17, 2021

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA